IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| GERARD C. CELESTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 108-061 |
| | ) | |
| LARRY BRACKEN, Investigator, | ) | |
| Richmond County Sheriff's Office, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Wilcox State Prison ("WSP") located in Abbeville, Georgia when this action commenced, filed the above-captioned complaint pursuant 42 U.S.C. § 1983. Plaintiff is *pro se* and has requested permission to proceed *in forma pauperis* ("IFP"). On May 30, 2008, the Court directed Plaintiff to return his Prisoner Trust Fund Account Statement and Consent to Collection of Fees forms within thirty (30) days and advised Plaintiff that all prisoners, even those proceeding IFP, must pay the filing fee of $350.00 in full. 28 U.S.C. § 1915(b)(1). Plaintiff was cautioned that failure to respond would be an election to have this case voluntarily dismissed without prejudice. (See doc. no. 5, p. 4). Plaintiff failed to comply with the Court's May 30, 2008 Order.

In response to the Court's May 30, 2008 Order, Plaintiff wrote a letter to the Court, dated June 16, 2008, wherein he indicated that he could not return a copy of his Prisoner Trust Fund Account Statement in compliance with the Court's Order at that time. (Doc. no. 6). Plaintiff submitted that, on June 3, 2008, he was temporarily transferred to the Richmond County Jail ("RCJ") "on a court production order" and that he could not comply with the Court's May 30, 2008 Order until he returned to WSP. (Id.). On June 26, 2008, the Court granted Plaintiff thirty (30) additional days to comply with the terms of the Court's May 30, 2008 Order. (Doc. no. 8, p. 2). Once again, Plaintiff was warned that his failure to comply in a timely fashion with the Court's Order would result in a recommendation that his case be dismissed. (Id.). The time to respond has passed, and Plaintiff has not submitted the documents required by the Court's May 30, 2008 Order.[1]

Plaintiff cannot proceed IFP unless he submits the requisite Trust Fund Account Statement and consents to the collection of the entire $350.00 filing fee in installments. Wilson v. Sargent, 313 F.3d 1315, 1319, 1321 (11th Cir. 2002) (*per curiam*) (citing 28 U.S.C. § 1915). Plaintiff has been warned repeatedly that failing to return the necessary

---

[1] Rather, on June 26, 2008, Plaintiff filed a "Motion for Continuance," wherein he requests an indefinite extension of time to comply with the Court's May 30, 2008 Order. (See doc. no. 7). Once again, Plaintiff submits that, because he is being temporarily confined at the RCJ, he is unable to return his Prison Trust Fund Account Statement to the Court. (Id.). Assuming, *arguendo*, that Plaintiff has been unable to return a copy of his Prisoner Trust Fund Account Statement in compliance with the Court's May 30, 2008 Order, he has offered no explanation for his failure to return the Consent to Collection of Fees from Trust Account as directed by the Court. Although the Court is mindful of the burden which being incarcerated can place upon a litigant in the prosecution of his case, the Court is not inclined to afford Plaintiff an indeterminate period of time to comply with its May 30, 2008 Order. Therefore, Plaintiff's "Motion for a Continuance" should be **DENIED**. (Doc. no. 7).

IFP papers would be an election to have his case voluntarily dismissed. As Plaintiff has neither fulfilled the requirements for proceeding IFP, nor paid the filing fee, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED**, without prejudice, and that Plaintiff's "Motion for Continuance" (doc. no. 7) be **DENIED**.

SO REPORTED and RECOMMENDED this 14th day of August, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE